## ESTES v. NICOLA.

(Court of Appeals of District of Columbia. Submitted April 8, 1926. Decided May 3, 1926.)

No. 4401.

1. **Automobiles** ⚖➝245(1).

Evidence *held* for jury in action for injuries to policeman, riding motorcycle, colliding with truck.

2. **Negligence** ⚖➝104.

Demand is not prerequisite to suit for personal injuries.

3. **Evidence** ⚖➝333(1)—In police officer's action for injuries, evidence of captain's indorsement on plaintiff's report of accident held properly excluded.

In policeman's action for personal injuries from collision of motorcycle with truck, evidence of captain's indorsement on plaintiff's report of accident *held* properly excluded, where plaintiff was not responsible for the indorsement and it was not legally required and the captain had no personal knowledge of the occurrence.

Appeal from Supreme Court of District of Columbia.

Action by John Nicola against J. W. Estes. Judgment for plaintiff, and defendant appeals. Affirmed.

E. C. Brandenburg and L. M. Denit, both of Washington, D. C., for appellant.

T. M. Wampler and R. E. Lynch, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a judgment for the plaintiff, appellee here, in the Supreme Court of the District of Columbia, on the verdict of a jury in an action for damages for personal injuries. The evidence for the plaintiff was in substance as follows:

He is a motorcycle officer in the police department of the District of Columbia and had been for five years prior to the accident, which occurred on April 15, 1924, about daybreak. On his motorcycle he was traveling south on First street, north of Rhode Island avenue, and at a point a few feet north of the avenue his motorcycle was struck by the truck of defendant, appellant here, that was going north on the wrong side of the street and so near the west curb as to leave insufficient room for the plaintiff between the truck and curb. Plaintiff was thrown from his motorcycle and sustained

painful injuries of a permanent character. He testified that at the time of the accident he was traveling from 15 to 18 miles per hour, that when he first saw the truck it was going west on Rhode Island avenue, and that, instead of going straight and across First street, as it appeared about to do, the driver made a wide turn, and thus brought the truck on the wrong side of First street. Plaintiff was unconscious for a few minutes after the accident, but remembers persons putting him in an automobile and taking him to Emergency Hospital.

On cross-examination he stated that he made no report of the occurrence to his precinct, although he did request the officers who visited him at the hospital to have the driver of the truck arrested. Plaintiff was then asked whether he made any demand on the defendant prior to the bringing of the suit, but objection was interposed on behalf of the plaintiff, and sustained by the court; an exception being noted. Plaintiff then testified that about 100 officers from his precinct called on him at the hospital; that Lieut. Bremmerman was the lieutenant of his precinct, and came to the hospital immediately after the accident, while witness was on the operating table; that before the accident a fast automobile passed in front of him, and he turned around and followed it, but at the time of the accident he had given up the chase, and then was 2½ blocks from the machine he had been following. Asked whether he did not "report" to Lieut. Bremmerman that he was pursuing an automobile at the time of the accident, he replied that he "did not report to him at all." He then was asked whether he did not tell Bremmerman that he went south on First street to Rhode Island avenue, where he "collided with a milk truck, D. C. No. 28497, owned and operated by William C. Bell, of 1328 South Carolina Avenue, Southeast, which was turning north on First street," and answered that he did not.

Among other witnesses for the plaintiff was Amos B. Cole, who had been a member of the police department for about 17 years. He testified that on the morning of the accident he was on duty near First street and Rhode Island avenue, when he heard a noise which attracted his attention; that he saw a motorcycle in the street, and that Officer Nicola, the plaintiff, was picked up and put in an automobile; "that he observed a truck on First street, headed north on the wrong side of the street, about 4 or 5 feet from the left-hand curb looking north, about 12 or 15 feet up First street from the northwest cor-

ner of First and Rhode Island avenue; that he went with Officer Nicola to the hospital." On cross-examination witness stated "that the truck was standing over on First street, on the left side, headed north, and looked as if it had made a wide turn in there"; that Nicola told him the truck had hit him, and that he called up Nicola's precinct right away and made a report to his lieutenant, who came to the hospital, "and there the witness gave him [Bremmerman] all the information he had."

For the defendant, William C. Bell, the driver of the truck, testified that he had proceeded about 110 feet up First street when he noticed a motorcycle coming down that street, "and the left handlebar of the motorcycle scratched the left-hand part of the front fender of his truck; that he immediately applied the brakes, stopped his car, jumped out, and the man on the motorcycle was then lying at the southwest corner of First and T streets"; that he and his helper then ran back and picked up the man and put him in a machine; that witness was at no time on the wrong or left-hand side of the street; that prior to the accident he had observed an automobile coming down First street at a terrific rate of speed "and quite a smoke flying from the rear"; that Officer Nicola then was about 200 yards behind the automobile; that the truck did not go 10 feet after the collision. There was other evidence for the defendant tending to show that the truck was not on the wrong side of the street at the time of or immediately following the accident.

Lieut. Bremmerman, testifying for the defendant, stated that he was called about 5:30 on the morning of the accident, and immediately went to Emergency Hospital, where he found plaintiff on the operating table; that plaintiff made a statement to him with reference to what had happened, and that this statement was put in the witness' own handwriting on the incidental book at the station; that this constitutes a report from which the captain of the precinct forwards a report of the occurrence to headquarters. Witness then was asked whether this was his "official report" of the accident. This characterization was objected to on behalf of plaintiff and the objection sustained by the court, over the exception of the defendant. Witness then stated that, independently of his report, he thought he could recall what Nicola said to him; "that Nicola said he picked up an old Cadillac automobile on Michigan avenue proceeding west; at the intersection of First street this automobile

that he was pursuing went south on First Street, Northwest; that at the corner of Rhode Island avenue and First street a milk truck turned the corner, and by this operator of the automobile displaying a smoke screen it caused him to run into the truck"; that the only report Nicola made of the accident, to the knowledge of the witness, was the oral conversation that took place between witness and himself at the hospital; "that he (the witness) made the report." Witness then identified the signature of Nicola to the following:

"Twelfth Precinct, Metropolitan Police Department.

"Washington, D. C., April 15, 1924.
"To the Captain Twelfth Precinct:

"At about 5:20 this a. m., while pursuing a Packard automobile, operated by a colored man, and who was violating the speed law on First Street, Northwest, just south of Rhode Island avenue, he threw a smoke screen which obstructed my vision, causing my motorcycle to collide with an automobile truck, D. C. No. 28497, owned and operated by William C. Bell, 1328 South Carolina Avenue, Southeast, which was turning into First street from Rhode Island avenue, throwing me from my machine, from which I received severe injuries to my left foot and lower limbs. I was removed to the Emergency Hospital in a passing automobile, owned and operated by James L. Sherwood, Jr. I was on duty at the time this accident occurred, and mounted on motorcycle D. C. No. 408, property of the police department, and assigned to me, which was badly damaged by the above described collision.

"[Signed]   John Nicola,
"Private, 12th Precinct."

The court admitted this paper in evidence, but excluded the following indorsement thereon by the captain of the precinct, over the exception of the defendant:

"First Indorsement.
"April 16, 1924.
"Forwarded to the Major and Supt. M. P. through the Assistant Supt. Second Police District."

On cross-examination, Lieut. Bremmerman stated that, at the time of the conversation with the plaintiff as to which he had testified, "Nicola was on the operating table and apparently in great suffering."

In rebuttal, plaintiff introduced in evidence the "incidental book" of No. 12 precinct, containing the following incidental report of the accident, signed by the witness Bremmerman:

13 F.(2d)—19

"About 5:20 o'clock this a. m. while pursuing an old black body Packard auto, 1917 model, occupied by a colored man, using a smoke screen (number unknown), for violation speed law, Pvt. John Nicola, white, 27 years of age, single, living at 1321 Delafield St., N. W., attached to the 12th precinct, on a motorcycle, after pursuing the above auto from Michigan Ave., and Lincoln Rd. to First Street, N. W., south on First to R. I. Ave., N. W., where the said Private Nicola collided with a milk truck, D. C. No. 28497, owned and operated by Wm. C. Bell, of 1328 South Carolina Ave., S. W., which was turning north on First street, Private Nicola was thrown from his motorcycle and dangerously injured, his motorcycle badly damaged. The injured officer was taken to the Emergency Hospital by Mr. James L. Sherwood, Jr., of 1300 Monroe St., N. E., in his auto, accompanied by Pvt. A. B. Cole of the Eighth precinct, who, at the time of the accident, was on duty near the scene. At the hospital the injured officer was attended by Police Surgeon Daniel L. Borden and Dr. H. S. Hoffman, of the above institution, where they discovered a large hole in bottom of left foot and above ankle, also foot fractured, and other injuries about the body and limbs. Condition, ———.

"[Signed]   Lt. C. H. Bremmerman.
"Witnesses:
"William Dennis, 423 17th S. E.
"A. B. Cole, No. 8 Precinct."

The plaintiff then was recalled to the stand and testified that he did not tell Lieut. Bremmerman that the smoke screen caused the accident, nor did he tell him that the car with which he collided was owned and operated by Wm. C. Bell of 1328 South Carolina Avenue, S. E.; that he "never knew who owned or operated it"; that until Bell took the witness stand he did not know his name or where he lived; that he did not tell Lieut. Bremmerman the license number of the truck; that, the first time he saw the paper bearing his signature, "it was brought over to me; I was lying in bed and I was told to sign it, and then I signed it." Asked whether he read it, he replied that he did not. He also was asked if he recalled how long he conversed with Bremmerman at the hospital, and stated that he could not; "all I remember of it, the doctor and two or three others were around the table, and a nurse; the doctor was working on my foot, and the nurse was holding me down. * * *"

At the close of the evidence counsel for the defendant submitted prayers for a di-

rected verdict, which were refused. The case then was submitted to the jury on a charge to which no exception was taken.

[1] The evidence for the plaintiff raised an issue of fact for the jury as to the cause of the accident. From that evidence the jury was justified in finding that the accident was caused by the presence of the milk truck on the wrong side of the street. The most that can be said of the evidence for the defendant is that it raised a sharp issue of fact. Bell, the driver of the truck, says he stopped his truck within 10 feet of the accident, and then was a considerable distance north of Rhode Island avenue. Plaintiff's evidence, on the other hand, places the truck just north of the avenue and on the wrong side of the street. As to the testimony of Lieut. Bremmerman, the jury probably concluded, as it had a right to do under the evidence, that much of the information contained in the report which he caused plaintiff to sign must have been obtained from other sources. Certainly there would have been no justification for the court to refuse submission of these issues of fact to the jury.

[2, 3] Since a demand by plaintiff was not a prerequisite to the bringing of the suit, it was not error to exclude testimony as to failure to make such demand. Nor was it error to exclude the indorsement of the captain of the precinct on the report Lieut. Bremmerman procured from the plaintiff. It was not shown that Nicola was responsible in any way for that indorsement, that the police captain had any personal knowledge of the occurrence, or that the indorsement was required by any law or regulation.

We have examined the other assignments of error, but do not deem it necessary specifically to mention them, since they are without merit.

The judgment is affirmed, with costs.

Affirmed.